1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FRANCIS JOHNSON,

Plaintiff,

v.

STATE OF NEVADA, et al.,

Defendants.

Case No. 2:14-cv-01425-GMN-PAL

**ORDER**

(Mot. Ext. Time – Dkt. #52)

This matter is before the Court on the Motion for 11 Day Extension of Remaining Scheduling Order Deadlines (Dkt. #52) filed by Defendants Miguel Flores-Nava, Jennifer Nash, and Sheryl Foster (the "NDOC Defendants") on April 4, 2016.  This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice.  The Court has considered the Motion.  Plaintiff Francis Johnson did not oppose the Motion and the time for doing so has now passed.

Mr. Johnson is a prisoner in the custody of the Nevada Department of Corrections ("NDOC") and is proceeding in this action *pro se* and *in forma pauperis*.  On June 17, 2014, Johnson filed his complaint in the Eighth Judicial District Court of Nevada.  The NDOC Defendants subsequently removed the case to this Court.  *See* Petition for Removal (Dkt. #1).  Mr. Johnson requested leave of the Court to amend his complaint.  *See* Mot.to Amend/Correct Complaint (Dkt. #7).  Upon screening the Amended Complaint (Dkt. #19), the Court determined that it stated a First Amendment retaliation claim under 28 U.S.C. § 1983 and granted the Motion to Amend.  *See* Screening Order (Dkt. #18).

On August 21, 2015, the Court entered a Scheduling Order (Dkt. #39) directing that discovery in this action "shall be completed ninety days from the date of this order which is November 18, 2015." *Id.* ¶ 3(a).  Pursuant to Mr. Johnson's request, *see* Pl.'s Mot. to Extend Time

1

(Dkt. #41), the discovery deadlines were extended for 90 days. *See* Order (Dkt. #46). The Order set the following new deadlines: (1) discovery shall be completed on or before February 16, 2016; (2) any discovery motions shall be filed no later than March 2, 2016; (3) motions for summary judgment shall be filed no later than March 17, 2016; and (4) the parties shall file a joint pretrial order on or before April 18, 2016. *Id*. at 4. Thus, discovery in this matter is now closed.

On the last day to file discovery motions, March 2, 2016, the NDOC Defendants filed a Motion for 30-Day Extension of Remaining Scheduling Order Deadlines (Dkt. #48). The NDOC Defendants asserts that they were waiting for Mr. Johnson's responses to their interrogatories, requests for production of documents, and requests for admissions, and they would need to review those responses to determine whether any additional discovery may be necessary and whether any discovery related motions may be appropriate. The Court granted the NDOC Defendants request:

> The following deadlines stated in the Scheduling Order (Dkt. #39) and extended by Order (Dkt. #46) are extended for an additional 30 days:
>
> a. Discovery motions shall be filed no later than April 4, 2016.
> b. Motions for summary judgment shall be filed no later than April 18, 2016.
> c. The parties shall file a joint pretrial order on or before May 18, 2016.

*See* Order (Dkt. #50). The NDOC Defendants' current Motion (Dkt. #52) requests an 11-day extension of these scheduling order deadlines.

When a request is made to modify a discovery plan and scheduling order before the expiration of the deadlines therein and before the final pretrial order is entered, a district court may extend the discovery deadlines upon a showing of "good cause." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Id*. Discovery extensions may be allowed if the deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. In addition to showing good cause, when a party requests an extension of a scheduling order deadline less than 21-days before its expiration, the party must also establish that its failure to act was the result of excusable neglect. *See* LR 26-4(a) (stating that a showing of "excusable neglect" is in addition to the good cause required by LR 6-1 and Fed. R. Civ. P. 16). Lastly, any motion or stipulation to

/ / /

extend a deadline or to reopen discovery must comply with Local Rules 26-4 and 6-1, and include the following:

> (a) A statement specifying the discovery completed;
>
> (b) A specific description of the discovery that remains to be completed;
>
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and,
>
> (d) A proposed schedule for completing all remaining discovery.

*See* LR 26-4.

In the current Motion (Dkt. #52), the NDOC Defendants inform the Court that they are still waiting for Mr. Johnson to respond to their requests for production of documents, although they acknowledge they have now received his responses to their interrogatories and requests for admissions. *Id*. at 3–4. In early March 2016, the NDOC Defendants' counsel informed Mr. Johnson they wished to discuss certain identified responses to interrogatories and requests for admission and remaining discovery issues in a phone conference. *Id*. at 4 (citing Ex. 2 (Dkt. #52-2) (Mar. 14, 2016 Letter)). Counsel for the NDOC Defendants spoke with Mr. Johnson by telephone on March 21st. *Id*. During the teleconference, Mr. Johnson stated that he had mailed a response to Defendants' requests for production of documents and also agreed to serve Defendants with supplemental responses to all disputed interrogatories and requests for admissions. *Id*. As of April 4th when the Motion was filed, the NDOC Defendants had not received Johnson's outstanding responses, although they acknowledge that those documents could be in the mail. *Id*. The NDOC Defendants therefore ask the Court to extend the remaining deadlines for an additional 11 days so they can confirm receipt of any supplemental responses and determine whether any additional discovery or discovery related motions may be appropriate. *Id*. at 5.

The Court finds that the NDOC Defendants have met their burden of showing good cause for an extension of the remaining scheduling order deadlines and excusable neglect for not filing their motion at least 21 days prior to the expiration of the deadline. However, while the Motion was pending, the proposed extended deadline for filing discovery motions passed without the NDOC Defendants filing a discovery motion. The Court, therefore, grants the motion in part and

extends the following deadlines: (1) motions for summary judgment shall be filed no later than April 29, 2016; and (2) the parties shall file a joint pretrial order on or before May 27, 2016.  No further extensions will be granted absent compelling circumstances and a strong showing of good cause that the deadline could not be met within the extended time allowed despite the exercise of due diligence.

Accordingly,

**IT IS ORDERED:**

1.  Defendants Miguel Flores-Nava, Jennifer Nash, and Sheryl Foster's Motion for 11 Day Extension of Remaining Scheduling Order Deadlines (Dkt. #52) is GRANTED IN PART.   The following deadlines stated in the Scheduling Order (Dkt. #39) and extended by Orders (Dkt. #46, #50) are further extended as follows:

    a.  Motions for summary judgment shall be filed no later than April 29, 2016.

    b.  The parties shall file a joint pretrial order on or before May 27, 2016.

2.  No further extensions will be granted absent compelling circumstances and a strong showing of good cause that the deadline could not be met within the extended time allowed despite the exercise of due diligence.

Dated this 28th day of April, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE