UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANCIS JOHNSON,<br><br>    Plaintiff,<br>v.<br>STATE OF NEVADA, et al.,<br><br>    Defendants. | Case No. 2:14-cv-01425-GMN-PAL<br><br>**ORDER**<br><br>(Mots. Default Judgment – ECF Nos. 49, 51;<br>Mot. for Clarification – ECF No. 65) |

This matter is before the court on Plaintiff Francis Johnson's Motions for Default Judgment (ECF Nos. 49, 51)[1] and Motion for Clarification (ECF No. 65). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The Court has considered the Motions and Defendants' Response (ECF No. 67) to the Motion for Clarification.

**BACKGROUND**

Mr. Johnson is a prisoner in the custody of the Nevada Department of Corrections ("NDOC") and is proceeding in this action *pro se* and *in forma pauperis*. On June 17, 2014, Johnson filed his complaint in the Eighth Judicial District Court of Nevada. The case was subsequently removed to this court. *See* Petition for Removal (ECF No. 1). Johnson requested leave of the court to amend his complaint. *See* Mot.to Amend/Correct Complaint (ECF No. 7). Upon screening the Amended Complaint (ECF No. 19), the court determined that it stated a First Amendment retaliation claim under 28 U.S.C. § 1983 and granted the Motion to Amend. *See* Screening Order (ECF No. 18). Accordingly, Johnson's claim was allowed to proceed against Defendants Miguel Flores-Nava, Jennifer Nash, Sheryl Foster, and Trinity Pharris.

---

[1] It appears that Mr. Johnson mailed a duplicate copy of the first motion to the Clerk of the Court because these motions are identical.

The court stayed the case for 90 days to allow the parties an opportunity to settle their dispute through the Inmate Early Mediation Program before the filing of an answer or starting the discovery process. *See* Feb. 9, 2015 Order (ECF No. 22). However, the parties did not reach a settlement and the case was returned to the normal litigation track. *See* Mins. of Proceedings (ECF No. 25). On April 20, 2015, the court entered an Order (ECF No. 27) directing electronic service of the Amended Complaint on the Nevada Office of the Attorney General (the "Attorney General's Office") and instructing that a notice be filed with the court indicating the names of the defendants for whom Attorney General's Office accepts service, and those it does not. *Id*. ¶ 2. If there were any named defendants for which the Attorney General's Office could not accept service, the court ordered that the last known address(es) of those defendant(s) for whom it has such information be filed under seal, but not served on the inmate Plaintiff. *Id*. The Order also instructed that "[i]f service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s)." *Id*. ¶ 3.

On May 11, 2015, the Attorney General's Office accepted service on behalf of Defendants Miguel Flores-Nava, Jennifer Nash, and Sheryl Foster (the "NDOC Defendants"). *See* Notice Acceptance of Service (ECF No. 28). However, service was not accepted for Defendant Trinity Pharris, which prompted the Attorney General's Office to file Pharris' last known address under seal. *See* Notice of Sealed Submission of Last Known Address (ECF No. 29); Sealed Doc. (ECF No. 30). The NDOC Defendants filed their Answer (ECF No. 36) to the Amended Complaint on June 18, 2015.

On August 21, 2015, the court entered a Scheduling Order (ECF No. 39) directing that discovery shall be completed by November 18, 2015. *Id*. ¶ 3(a). The parties later received extensions of various deadlines set forth in the Scheduling Order. *See* Orders (ECF Nos. 46, 50, 54, 62). Discovery finally closed on April 4, 2016, and the parties have filed dispositive motions. *See* Pl.'s Mot. Summ. J (ECF No. 53); NDOC Defs.' Mot. Summ. J. (ECF No. 56). The case has been referred to the undersigned for a settlement conference. Min. Order (ECF No. 57). The settlement conference is scheduled for October 21, 2016. July 14, 2016 Order (ECF No. 71).

## DISCUSSION

### I. JOHNSON'S MOTIONS

In Johnson's Motions for Default Judgment (ECF Nos. 49, 51), he acknowledges that the Attorney General's Office did not accept service for Defendant Trinity Pharris, "but her address was submitted to the court under seal." *Id*. at 2. Johnson asserts that the court ordered Pharris served but she failed to defend the complaint. *Id*. Thus, he asks the court to enter default judgment.

In the Motion for Clarification (ECF No. 65), Johnson describes a footnote in the NDOC Defendants' summary judgment motion stating that no affidavit of service for Pharris has been filed with the court, and the NDOC Defendants were unaware of any actions taken by Johnson to serve Pharris. *Id*. at 2. Johnson states that he may be under the mistaken impression that the court ordered Pharris served. *Id*. at 2–3. Johnson asks, if Pharris has not been served, why was Pharris' last known address was filed under seal "preventing Plaintiff from serving her." *Id*. at 3.

The NDOC Defendants' Response (ECF No. 67) points out that Johnson did not file a motion requesting that Pharris be served in accordance with the court's instructions. The court instructed Johnson that, if the Attorney General's Office could not accept service for any named defendant, Johnson must file a motion identifying the unserved defendant, requesting issuance of a summons, and specifying the defendant's full name and address. *Id*. at 2 (citing Order (ECF No. 27) ¶ 3). The NDOC Defendants take no position as to Johnson's request for clarification. *Id*. at 3. Johnson did not file a reply brief and the deadline for doing so has now expired.

### II. LEGAL STANDARD

Prior to determining whether a default judgment is appropriate under Rule 55 of the Federal Rules of Civil Procedure,[2] a court must determine whether the service of process was adequate. A federal court does not have jurisdiction over a defendant unless the defendant has been properly served. *See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc*., 840 F.2d 685, 688 (9th Cir. 1988). Rule 4 of the Federal Rule of Civil Procedure governs service of process in a federal action. According to Rule 4, an individual may be served by delivering a copy of the summons

---

[2] All references to a "Rule" or "Rules" in this Order refer to the Federal Rules of Civil Procedure unless otherwise stated.

3

and complaint to the individual personally, leaving a copy of each at the individual's home, or delivering a copy of each to an agent authorized to receive service of process. Fed. R. Civ. P. 4(e)(2). Service may also be accomplished by following the procedures stated in Nevada law. Fed. R. Civ. P. 4(e)(1).

Prior to December 2015, Rule 4(m) stated that a defendant must be served within 120 days after a complaint is filed.[3] A court may dismiss an action without prejudice if the summons and complaint are not timely served on a defendant within the statutory timeframe or such further time as ordered by the court. Fed. R. Civ. P. 4(m)[4]; *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). However, Rule 4(m) requires the court to extend the time for service if a plaintiff shows good cause for the failure to timely serve the complaint. In general, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the procedural rules. *Martin v. Longbeach*, 246 F .3d 674 (9th Cir. 2000). "At a minimum, good cause means excusable neglect." *Id*.

In cases involving an incarcerated pro se plaintiff, the United States Marshals Service ("USM") will serve the summons and the complaint upon order of the court. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). Thus, an incarcerated plaintiff is entitled to rely on the USM for service of the summons and complaint and "should not be penalized by having his action dismissed for failure to effect service" if the USM or the court clerk failed to perform their duties. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). However, it is the plaintiff's responsibility to request an order for service and provide the USM with information necessary to identify each defendant to be served. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995). Thus, although an incarcerated plaintiff is entitled to rely on the USM for service of the summons and complaint, that reliance is only proper

---

[3] Rule 4(m) was amended in December 2015 to require service within 90 days.

[4] Rule 4(m) applies to *pro se* litigants as well. *See Sipes v. Galaxy Airlines*, *Inc.*, 119 F.R.D. 691, 693 (D. Nev. 1988) (confusion regarding the court's notice of intent to dismiss for lack of service is not good cause for a pro se plaintiff's failure to effect timely service); *Salow v. Circus–Circus Hotels*, *Inc.*, 108 F.R.D. 394, 395–96 (D. Nev. 1985) (finding no good cause for one-year delay in service under federal rule where plaintiff filed merely to avoid statute of limitations and elected not to proceed on federal claim while Nevada Supreme Court considered his state appeal).

when he has obtained an order for service and provided the USM with accurate and sufficient information to effectuate service. *Puett*, 912 F.2d at 275; *Walker*, 14 F.3d at 1421–22.

### III.  ANALYSIS

Here, the court's review of the record reveals that Defendant Trinity Pharris has not been served. As a result, Johnson's Motions for Default Judgment (ECF No. 49, 51) will be denied. The Motion for Clarification asks why Pharris' address was filed under seal preventing Johnson from serving her. In a nutshell, Johnson was not prevented from having Pharris served. He was directed by the court's Order (ECF No 27) to file a motion with the court requesting issuance of summons for service on any defendant for whom the Attorney General would not accept service, but he never did so after receiving notice.

The Attorney General complied with the court's order and filed a Notice of Acceptance of Service (ECF No. 28) on behalf of three of the four individuals on May 11, 2015. Johnson was served with the Notice of Acceptance of Service and has therefore been aware that the Attorney General's Office did not accept service on behalf of Pharris since that time. The Notice of Acceptance of Service also informed the court and Johnson that Pharris was a former employee and that the Attorney General's Office would submit her last known address under seal as ordered. The address was filed under seal the same day, Sealed Doc. (ECF No. 30), and Johnson was served with notice that the address had been filed under seal, *see* Notice of Sealed Submission of Last Known Address (ECF No. 29). Thus, Johnson was responsible for complying with the court's Order (ECF No. 27) by filing a motion requesting issuance of a summons for Pharris to be served. He did not do so despite the court's explicit instructions.

Pursuant to Rule 4(m), Johnson was required to accomplish service on Pharris by July 2015. Although the court appreciates that it is difficult for *pro se* parties to litigate a federal case, Johnson must comply with the court's orders and to familiarize himself with Local Rules of Practice, the Federal Rules of Civil Procedure, and the substantive laws applicable to his case. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("pro se litigants must follow the same rules of procedure that govern other litigants"); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (noting that "*pro se* litigants are bound by the rules of procedure"). If a pro se party ignores a court order,

5

sanctions may be imposed.  *See generally Watkis v. Payless Shoesource*, 174 F.R.D. 113 (M.D. Fla. 1997); *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442 (W.D.N.Y. 1997); *Pack v. South Carolina Wildlife & Marine Resources Dep't*, 92 F.R.D. 22 (D.S.C. 1981).

The deadline for service upon Defendant Trinity Pharris expired more than a year ago, and Johnson has been aware that Pharris was not represented by the Attorney General and had not made an appearance in this case since May 11, 2015.  Discovery has now closed after the parties received extensions, and summary judgements have been filed.  Allowing Johnson to serve Pharris at this late stage of the proceedings would disrupt the court's management of its docket and require reopening of discovery and considerable delay in resolving the case on its merits.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Francis Johnson's Motions for Default Judgment (ECF Nos. 49, 51) are DENIED.
2. The Motion for Clarification (ECF No. 65) is GRANTED to the limited extent the court has answered Johnson's question.

Dated this 20th day of October, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE