1
2
3
4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7

FRANCIS JOHNSON,

8

Plaintiff,

9

v.

10

STATE OF NEVADA, et al.,

11

Defendants.

Case No. 2:14-cv-01425-GMN-PAL

**ORDER**

(Mot. Access to Library – ECF No. 61;
Mots. to Strike – ECF No. 69, 82)

12      This matter is before the court on Plaintiff Francis Johnson's Motion for Court Order to

13  Have Access to Legal Library's Case Law (ECF No. 61) (the "Library Motion") and Motion to

14  Strike Library Motion (ECF No. 82), as well as the Motion to Strike Surreply (ECF No. 69) filed

15  by Miguel Flores-Nava, Jennifer Nash, and Sheryl Foster (the "NDOC Defendants").  These

16  Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and

17  1-7 of the Local Rules of Practice.

18      Plaintiff Francis Johnson is a prisoner in the custody of the Nevada Department of

19  Corrections ("NDOC") and is proceeding in this action *pro se* and *in forma pauperis*.  On June 17,

20  2014, Mr. Johnson filed his complaint in the Eighth Judicial District Court of Nevada.  The NDOC

21  Defendants subsequently removed the case to this court.  *See* Petition for Removal (ECF No. 1).

22  Mr. Johnson requested leave of the court to amend his complaint.  *See* Mot.to Amend/Correct

23  Complaint (ECF No. 7).  Upon screening the Amended Complaint (ECF No. 19), the court

24  determined that it stated a First Amendment retaliation claim under 28 U.S.C. § 1983 and granted

25  the Motion to Amend.  *See* Screening Order (ECF No. 18).

26  **I.   LEGAL STANDARD**

27      The district court possesses inherent power to manage its docket and strike improper

28  filings.  *See, e.g.*, *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th

1

Cir. 1998); *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (recognizing the district court's inherent power and authority over the administration of its business, to regulate the conduct of litigants who appear before it, and to promulgate and enforce rules for the management of litigation) (collecting cases). For example, district courts follow a long standing practice of striking filings that do not comply with the Federal Rules of Civil Procedure or Evidence. *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1003 (9th Cir. 2002) (recognizing practice of striking improperly filed affidavits).

**II.    ANALYSIS**

### A.    Johnson's Motions

The Library Motion (ECF No. 61) claimed Johnson was being denied access to the prison's law library. The NDOC Defendants filed a Response (ECF No. 64). However, Mr. Johnson has now filed a Motion to Strike the Library Motion (ECF No. 82) stating that he has recently been able to check out case law and other research material from the law library without problems. Thus, to conserve the court's time and resources, Johnson asks that the Library Motion be removed from the court's calendar. The NDOC Defendants submitted a Notice of Non-Opposition (ECF No. 84) and asked the court to deny the Library Motion as moot. The Library Motion was not filed in violation of a Local Rule or the Federal Rules of Civil Procedure or Evidence. Thus, the Library Motion does not need to be stricken as an improper filing. Johnson is essentially asking for leave to withdraw his Library Motion, which the court will allow him to do.

### B.    The NDOC Defendants' Motion to Strike Surreply

The NDOC Defendants' Motion to Strike (ECF No. 69) asks the court to strike Johnson's improper Surreply (ECF No. 68), which was filed in response to the NDOC Defendants' Reply (ECF No. 63) in support of their Motion for Summary Judgment (ECF No. 56). The Federal Rules of Civil Procedure and the Local Rules of Practice do not provide for a surreply (*i.e.*, a second opposition) as a matter of right. Local Rule 7-2 allows a motion, a response, and a reply. Surreplies are expressly prohibited without leave of court, and "motions for leave to file a surreply are discouraged." LR 7-2(b). Plaintiff did not seek leave of the court to file his surreply. Therefore, the Surreply (ECF No. 68) was improperly filed and shall be stricken from the record.

Accordingly,

**IT IS ORDERED:**

1.  Plaintiff Francis Johnson's Motion to Strike (ECF No. 82) is GRANTED to the limited extent that the Motion for Court Order to Have Access to Legal Library's Case Law (ECF No. 61) is WITHDRAWN.

2.  Defendants' Motion to Strike (ECF No. 82) Plaintiff's Surreply is GRANTED.

3.  The Clerk of the Court SHALL STRIKE Plaintiff's Surreply (ECF No. 68).

Dated this 20th day of October, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE