**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FRANCIS JOHNSON, | ) |
|               Plaintiff, | ) Case No.: 2:14-cv-1425-GMN-PAL |
| vs. | ) |
| | ) **ORDER** |
| STATE OF NEVADA, *et al.*, | ) |
|               Defendants. | ) |

Pending before the Court is a Motion to Reconsider, (ECF No. 102), filed by *pro se* Plaintiff Francis Johnson ("Plaintiff").[1]  Defendants Officer Miguel Flores-Nava, Jennifer Nash, and Sheryl Foster (collectively "Defendants") filed a Response, (ECF No. 103), and Plaintiff filed a Reply, (ECF No. 102).  For the reasons discussed below, Plaintiff's Motion is **DENIED**.

## I.    BACKGROUND

This is an inmate civil rights action filed pursuant to 42 U.S.C. § 1983. (*See* Am. Compl., ECF No. 19) (Plaintiff's amended complaint).  On January 10, 2017, the Court issued an Order granting Defendants' Motion for Summary Judgment on the ground the Plaintiff had failed to exhaust his administrative remedies. (Order, ECF No. 99).  On February 6, 2017, Plaintiff filed the instant Motion for Reconsideration, (ECF No. 102).

## II.    LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  Reconsideration is

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding him to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). However, a motion for reconsideration is not a mechanism for rearguing issues presented in the original filings, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985), or "advancing theories of the case that could have been presented earlier, *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994). Thus, Rule 59(e) and 60(b) and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

### III.  DISCUSSION

In his Motion, Plaintiff argues that the Court erred in granting summary judgment to Defendants because "Plaintiff's grievance did not need to "contain [sic] every fact necessary to prove each element of an eventual legal claim," and because he was not required to include "legal terminology or legal theories." (Mot. to Reconsider at 3, ECF No. 102). Plaintiff further argues that the Court should reconsider its order because the affirmative defense of exhaustion must be brought in a Rule 12 motion rather than a motion for summary judgment. (*Id.* at 2).

Plaintiff's first argument misunderstands the Court's Order. The Court did not find that Plaintiff failed to exhaust his retaliation claim because he did not list "every fact necessary to prove each element" of his claim or because he failed to provide "legal terminology or legal theories." Rather, the Court determined that his grievances failed to describe the key factual basis of his retaliation claim in any detail whatsoever, and instead "merely complain[ed] of an employment dispute." (Order 10:16–19, ECF No. 99). As to Plaintiff's second point, "the appropriate device [for determination of whether administrative remedies have been exhausted under the PLRA] is a motion for summary judgment under Rule 56." *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014).

The Court has reviewed its prior Order and the arguments presented by Plaintiff in his Motion and has not found any reason to overturn its previous Order.  The Court finds neither clear error nor manifest injustice in the reasoning of its previous Order.  Accordingly, Plaintiff's Motion to Reconsider is **DENIED.**

### IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider, (ECF No. 102), is **DENIED**.

**DATED** this __20__ day of July, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge